IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Joseph Blake, # 22187-021, | ) | Civil Action No. 2:19-0818-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Bureau of Prisons, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge recommending that Plaintiff's petition be dismissed under Rule 4. (Dkt. No. 11.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the petition.

## I. Background

Petitioner is an incarcerated person proceeding *pro se* to seek that the Bureau of Prisons recalculate the good conduct time credits applied to his sentence. Plaintiff alleges that the First Step Act requires the Bureau of Prisons to immediately apply a new calculation method, which the Bureau of Prisons has failed to implement because it misreads the Act's effective date. (Dkt. No. 1 at 4, No. 1-2 at 7.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.     Discussion**

The Court finds that the Magistrate Judge ably addressed the issues and properly construed the petition as brought under § 2241 and that should be dismissed.

In his March 18, 2019 filing styled a "petition for writ of mandamus," which attaches a petition for § 2241 relief, Petitioner seeks to challenge what he contends are incorrect calculations of good conduct time credits. This relief sought is properly construed as a claim for habeas corpus under § 2241. *See Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 528 (4th Cir. 2005); *Clemmons v. South Carolina*, No. 0:08-cv-607-RBH, 2008 WL 2845636, at 1 (D.S.C. July 18, 2008).

Rule 4 of the Rules Governing Section 2254 Cases in U.S. District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also* Rule 1(b) (allowing district court to apply the § 2254 Rules to § 2241 petitions). The petition is predicated on the contention that the First Step Act's amendment to § 3624(b) has already taken effect and therefore requires the Bureau of Prisons to immediately recalculate Petitioner's sentence and provide him with additional days of good conduct time credit. However, according an appropriately liberal construction for this *pro se* litigant, it appears from the petition that Petitioner is not entitled to relief. The First Step Act provides that the amendment takes effect only when the Attorney General completes a "risk and needs assessment system" that Section 101(a) of the Act requires. Section 101(a) further does not

require completion of the system until 210 days after the Act's passage, which was on December 21, 2018. Therefore, unless the Attorney General takes action sooner, the amendment would not take effect until July 2019. Nor would Petitioner's petition survive if instead construed as for a writ of mandamus because the petition does not satisfy the "rigorous test" of showing that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) (internal citations omitted).

Therefore, the petition is subject to dismissal.

### IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. A reasonable jurist would not find it debatable that the petition is subject to dismissal whether construed as brought under § 2241 or a writ of mandamus. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 11) as the Order of the Court. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's petition (Dkt. No. 1) and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 13, 2019
Charleston, South Carolina